(No. 11762.—Reversed and remanded.)

THE PEOPLE *ex rel.* William C. Flick, County Collector, Appellant, *vs.* WALTER KESSLER *et al.* Appellees.

*Opinion filed December 19, 1917.*

1. TAXES—*when a high school tax must be regarded as valid.* On appeal from a judgment denying the collector's application for judgment for a delinquent high school tax the Supreme Court will take judicial notice that the curative act of 1917 became effective during the pendency of the application and removed the objection made to the tax, even though the only ground urged for reversal is that the existence of the district as a *de facto* corporation could not be collaterally attacked.

2. The other question in this case is controlled by the decision in *People* v. *Mathews,* (*post,* p. 85.)

CARTWRIGHT, DUNN and DUNCAN, JJ., dissenting.

APPEAL from the County Court of LaSalle county; the Hon. HENRY MAYO, Judge, presiding.

GEORGE S. WILEY, State's Attorney, (GEO. W. HUNT, and BUTTERS & CLARK, of counsel,) for appellant.

Mr. JUSTICE COOKE delivered the opinion of the court:

The application of the county collector of LaSalle county for judgment against the lands of appellees for the taxes of Township High School District No. 535 of Putnam county was denied and the People appealed.

The high school district was organized under the unconstitutional act of 1911, and the objection was made that it had no authority to levy taxes. While the only reason urged by counsel for appellant for a reversal of the judgment is that the high school district was a corporation *de facto* and its corporate existence could not be questioned in a collateral proceeding to collect taxes levied by it, we will take notice of the curative act of June 14, 1917, which was passed and became effective during the pendency of this application. As this act had the effect of legalizing the

organization of the district and is decisive of the questions involved, for the reasons given in *People* v. *Mathews,* (*post,* p. 85,) the judgment of the county court is reversed and the cause is remanded, with directions to overrule the objections.     *Reversed and remanded, with directions.*

CARTWRIGHT, DUNN and DUNCAN, JJ., dissenting.